Anthony J. Dain (Bar No. 98947)
Victor M. Felix (Bar No. 179622)
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
530 B Street, Suite 2100
San Diego, California  92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

Attorneys for Defendants and Counterclaimants,
Kyocera International, Inc. and Kyocera Wireless Corp.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br><br>v.<br><br>KYOCERA INTERNATIONAL, INC., a California corporation; KYOCERA WIRELESS CORP., a Delaware corporation; and DOES 1-100,<br><br>Defendants. | Case No.: 08 CV 0411 BTM (CAB)<br><br>**DEFENDANTS AND COUNTERCLAIMANTS KYOCERA INTERNATIONAL, INC.'S AND KYOCERA WIRELESS CORP.'S ANSWER TO SORENSEN COMPLAINT AND COUNTERCLAIMS**<br><br>**[JURY TRIAL DEMANDED]** |
| KYOCERA INTERNATIONAL, INC., a California corporation; KYOCERA WIRELESS CORP., a Delaware corporation,<br><br>Counterclaimants,<br><br>v.<br><br>JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Counterdefendant. | Ctrm.:    15<br>Judge:    Hon. Barry Ted Moskowitz |

Defendants and Counterclaimants Kyocera International, Inc. ("KII") and Kyocera Wireless Corp. ("KWC") (collectively, "Kyocera") hereby answer the Complaint of Jens Erik

Sorensen, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST ("Sorensen") and also counterclaim as follows:

1. Kyocera admits that the United States Patent and Trademark Office issued U.S. Patent No. 4,935,184 entitled "Stabilized Injection Molding When Using a Common Mold Part With Separate Complimentary Mold Parts" (the "'184 Patent"). Kyocera has insufficient information to form a belief as to the truth of the remaining allegations in paragraph 1 of the Complaint and on that basis denies those allegations.

2. KII admits that it is a California corporation. KII's principal place of business is 8611 Balboa Avenue, San Diego, CA 92123.

3. KWC denies that it is a California corporation. KWC is a corporation duly organized under the laws of the state of Delaware, with its principal place of business located at 10300 Campus Point Drive, San Diego, CA 92121.

4. Kyocera need not admit or deny the allegations of paragraph 4 of the Complaint, as they constitute legal conclusions. To the extent an answer is deemed required, Kyocera denies each and every allegation of paragraph 4 of the Complaint.

5. Kyocera need not admit or deny the allegations of paragraph 5 of the Complaint, as they constitute legal conclusions. To the extent an answer is deemed required, Kyocera denies each and every allegation of paragraph 5 of the Complaint.

6. Kyocera admits that Sorensen's Complaint purports to allege a claim for patent infringement under 35 U.S.C. § 271 and that this Court has subject matter jurisdiction over this matter. Unless expressly admitted, Kyocera denies each and every other allegation of paragraph 6 of the Complaint.

7. Kyocera admits that venue is proper in this district. Unless expressly admitted, Kyocera denies each and every other allegation of paragraph 7 of the Complaint.

8. Kyocera admits that the Court has personal jurisdiction over KII and KWC. Unless expressly admitted, Kyocera denies each and every other allegation of paragraph 8 of the Complaint.

1     9.    Kyocera has insufficient information to form a belief as to the truth of the
2 allegations in paragraph 9 of the Complaint and on that basis denies the allegations.
3     10.   Admitted.
4     11.   Kyocera denies the allegations in paragraph 11 of the Complaint.
5     12.   Kyocera admits that it sold a cellular phone commonly known as the KX-444.
6 Except as expressly admitted, Kyocera denies each and every allegation of paragraph 12 of the
7 Complaint.
8     13.   Admitted.
9     14.   Kyocera denies the allegations in paragraph 14 of the Complaint.
10    15.   Admitted.
11    16.   Kyocera admits that it imported KX-444 phones which have plastic housings
12 manufactured using a two-step plastic molding process. Except as expressly admitted, Kyocera
13 denies each and every allegation of paragraph 16 of the Complaint.
14    17.   Kyocera denies each and every allegation of paragraph 17 of the Complaint.
15    18.   Admitted.
16    19.   Kyocera admits that Sorensen corresponded with Kyocera on July 7, 2005.
17 However, Kyocera denies Sorensen's characterization of such notification. To the extent not
18 otherwise specifically denied, Kyocera denies the remaining allegations of paragraph 19 of the
19 Complaint.
20    20.   Kyocera admits that Sorensen engaged in discussions with Kyocera regarding the
21 '184 Patent subsequent to July 7, 2005. However, Kyocera denies Sorensen's characterization of
22 such discussions. To the extent not otherwise specifically denied, Kyocera denies the remaining
23 allegations of paragraph 20 of the Complaint.
24    21.   Admitted.
25    22.   Kyocera admits that it can search for information regarding the manufacturing
26 process used to make the housing for its KX-444 cellular phone. However, Sorensen failed to
27 sign a Non Disclosure Agreement over a two year period as a condition precedent to Kyocera's
28 disclosure of the manufacturing process. Further, during said two year period Kyocera learned of

two pending requests for re-examination in the U.S. Patent and Trademark Office ("USPTO") and that the USPTO had granted one of the requests--finding that the re-examination request raised substantial new questions of patentability. Sorensen refused to address, as a condition precedent to Kyocera's disclosure of manufacturing information, the substantive issues raised in the re-examinations pending before the USPTO. To the extent not otherwise specifically denied, Kyocera denies the remaining allegations of paragraph 22 of the Complaint.

23. Kyocera denies each and every allegation of paragraph 23 of the Complaint.

24. Kyocera denies each and every allegation of paragraph 24 of the Complaint.

25. Kyocera denies each and every allegation of paragraph 25 of the Complaint.

26. Kyocera denies each and every allegation of paragraph 26 of the Complaint.

27. Kyocera denies each and every allegation of paragraph 27 of the Complaint.

28. Kyocera denies each and every allegation of paragraph 28 of the Complaint.

29. Kyocera denies each and every allegation of paragraph 29 of the Complaint.

## **Prayer For Relief**

30. Kyocera denies that Sorensen is entitled to any relief, and specifically denies all of the allegations and prayers for relief contained in paragraphs "a" through "i" in Sorensen's prayer for relief.

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**

### **(Failure to State a Claim)**

31. The Complaint, and each and every cause of action thereof against Kyocera fails to state facts sufficient to constitute a cause of action or to state a claim upon which relief can be granted.

### **Second Affirmative Defense**

### **(Invalidity/Unenforceability)**

32. The '184 Patent is invalid and/or unenforceable on the grounds that the purported invention attempted to be patented therein fails to meet the conditions and requirements for patentability as specified in, for example, 35 U.S.C. §§ 101, 102, 103 and/or 112.

### Third Affirmative Defense

### (Unclean Hands)

33. Kyocera alleges that by virtue of Sorensen's unlawful, immoral, careless, negligent and other unlawful conduct, Sorensen is barred from recovery against Kyocera by the equitable doctrine of "unclean hands" and of *in pari delicto*.

### Fourth Affirmative Defense

### (Laches, Estoppel, and/or Waiver)

34. Sorensen's claim of patent infringement is barred by application of the doctrines of laches, estoppel, and/or waiver.

### Fifth Affirmative Defense

### (Prosecution History Estoppel)

35. The claims of the '184 Patent are and were limited by amendment, by the prior art and/or by the statements made during prosecution before the USPTO, such that Sorensen is now estopped and otherwise precluded from maintaining that such claims of the '184 Patent are of sufficient scope to cover the accused products and methods, either literally or under application of the doctrine of equivalents.

### Sixth Affirmative Defense

(Damages Limitations)

36. Kyocera alleges on information and belief that any claim for damages for patent infringement by Sorensen is limited by 35 U.S.C. § 286.

### Reservation of Defenses

37. To the extent not already pled, Kyocera reserves its rights to add additional defenses pending further investigation and discovery.

///

///

///

///

///

## COUNTERCLAIMS

Kyocera asserts the following counterclaims against Sorensen:

### Parties, Jurisdiction and Venue

38. This is an action for declaratory judgment pursuant to Federal Rules of Civil Procedure 57 and 28 U.S.C. §§ 2201, *et seq.*, of patent invalidity and non-infringement arising under the patent laws of the United States, Title 35, United States Code.

39. KWC is a corporation organized and existing under the laws of Delaware. KWC's corporate offices are located in San Diego, California.

40. KII is a corporation organized and existing under the laws of California. KII's corporate offices are located in San Diego, California.

41. Sorensen alleges to be a resident of the state of California.

42. This Court has jurisdiction over the patent invalidity and non-infringement counterclaims in this action pursuant to 28 U.S.C. §§ 1338 and 2201, and Federal Rule of Civil Procedure 13.

43. This Court has personal jurisdiction over Sorensen by virtue of his Complaint in this action.

44. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

### General Allegations

45. Sorensen claims to be the owner of the '184 Patent and has asserted that Kyocera infringes the '184 Patent.

46. Sorensen has sought enforcement of the '184 Patent against Kyocera in this action. Kyocera has marketed and sold products in the United States alleged in this action by Sorensen to infringe the '184 Patent. An actionable and justiciable controversy therefore exists between Sorensen and Kyocera with respect to the '184 Patent.

47. Kyocera was first put on notice of the '184 Patent by way of a letter dated July 7, 2005 from Sorensen representing that Sorensen owned the '184 Patent and alleging infringement of the '184 Patent.

1   48.   On October 7, 2005, Kyocera requested that Sorensen sign and return a Non-disclosure Agreement as a condition precedent to the disclosure by Kyocera of information relating to the manufacturing process used to fabricate the housing for Kyocera's KX-444 phone.

49.   On or about January 2008, Kyocera learned that the Black & Decker Corporation ("B&D") (Ref. USPTO Control No. 90/008,775) and Phillips Plastics Corporation ("Phillips") (Ref. USPTO Control No. 90/008,976), filed separate requests for re-examination with the USPTO challenging the validity of the '184 Patent based on anticipation and/or obviousness pursuant to 35 U.S.C. §§ 102 and 103.

50.   On October 11, 2007, the USPTO granted B&D's request for re-examination. Sorensen was on actual notice of the USPTO's grant of B&D's request for re-examination prior to Sorensen's filing of his complaint against Kyocera.

51.   On February 21, 2008, the USPTO granted Phillip's request for re-examination. Sorensen was on actual or constructive notice of the USPTO's grant of Phillip's request for re-examination prior to Sorensen's filing of his complaint against Kyocera.

52.   On January 25 and February 28, 2008, Kyocera advised Sorensen, in writing, that the USPTO had granted B&D's request for re-examination and that Phillips had a pending request for re-examination. In said notifications Kyocera requested that Sorensen address the substantial invalidity contentions raised by the re-examinations prior to further discussions regarding the '184 Patent. Rather than provide a response to Kyocera's requests, Sorensen filed the instant lawsuit.

53.   On information and belief on December 1, 1994, Primtec, the shell corporation then being used by Sorensen to demand payments on the '184 Patent, wrote a letter to B&D, a client of Phillips, alleging infringement of a two-step plastic injection molding process claimed in the '184 Patent. In response to the infringement allegation, Phillips and B&D examined the prior art. On or about June of 1995, a meeting was held at Primtec's headquarters with Sorensen, his lawyer Mr. Erickson, and representatives from B&D and Phillips. At this meeting Sorensen was explained in detail why the method claimed in the '184 Patent was invalid in light of documented prior art, which included a two-step plastic injection molding process developed in-house by

1  Phillips prior to the '184 Patent's priority date.  In light of the strong case of patent invalidity
2  presented by Phillips and B&D, for over thirteen years Sorensen delayed filing a patent
3  infringement lawsuit against Phillips and B&D.

4      54.    At no time since Sorensen first put Kyocera on notice of the '184 Patent did
5  Kyocera agree to a tolling agreement.

### First Counterclaim

### (Declaratory Judgment of Non-Infringement)

8      55.    Kyocera incorporates by reference the allegations of paragraphs 38 through 54 as
9  though fully set forth herein.

10      56.    Kyocera desires a judicial determination whether Kyocera infringes any claim of
11  the '184 Patent under equity and a declaration that Kyocera has not infringed, induced
12  infringement, or contributed to the infringement of any claim of the '184 Patent.

13      57.    Kyocera did not infringe, directly or indirectly, literally or under the doctrine of
14  equivalents, or induced or contributed to the infringement any valid claim of the '184 Patent.

15      58.    Sorensen's filing of the instant action, despite knowing that the '184 Patent is
16  invalid and despite knowing of the USPTO's grant of two re-examination orders for the '184
17  Patent, warrants a determination that this is an exceptional case within the provisions of 35
18  U.S.C. § 285 entitling Kyocera to an award of its attorneys' fees and expenses.

### Second Counterclaim

### (Declaratory Relief of Patent Invalidity)

21      59.    Kyocera incorporates by reference the allegations of paragraphs 38 through 58 as
22  though fully set forth herein.

23      60.    Kyocera desires a judicial determination of the validity of the '184 Patent under
24  equity and a declaration that the '184 Patent is invalid for failure to comply with one or more of
25  the conditions for patentability set forth in Part II of Title 35 of the United States Code including,
26  for example, Section 101, 102, 103, 112, 116, and/or 132.

27      61.    The '184 Patent is invalid because, on information and belief, prior to the filing of
28  the original patent application to which the '184 claims priority, the alleged invention was

1  patented or described in a printed publication in this or foreign countries, or was in public use or
2  on sale in this country.

3      62.    The '184 Patent, on information and belief, is invalid because the claimed
4  invention would have been obvious to one of ordinary skill in the art at the time the invention
5  was made.

6      63.    The '184 Patent, on information and belief, is invalid because the '184 Patent does
7  not particularly point out and distinctly claim the part, improvement, method, steps, or
8  combination which the patentee claims as his invention.

9      64.    Sorensen's filing of the instant action, despite knowing that the '184 Patent is
10  invalid and despite knowing of the USPTO's grant of two re-examination orders for the '184
11  Patent, warrants a determination that this is an exceptional case within the provisions of 35
12  U.S.C. § 285 entitling Kyocera to an award of its attorneys' fees and expenses.

13  **DEMAND FOR JURY TRIAL**

14  Kyocera hereby demands a trial by jury on all claims for relief that are triable to a jury.

15  **Prayer For Relief**

16  **WHEREFORE**, Kyocera prays for relief as follows:

17  1.    That the Court dismiss Sorensen's Complaint, with prejudice;

18  2.    That the Court enter judgment in favor of Kyocera on all Kyocera's
19  Counterclaims;

20  3.    A declaration that Kyocera has not infringed, induced infringement, or contributed
21  to the infringement of any claim of the '184 Patent;

22  4.    A declaration that the '184 Patent is invalid;

23  5.    A declaration that the '184 Patent is unenforceable;

24  6.    That the Court enter judgment in favor of Kyocera on all of Sorensen's claims;

25  7.    An order enjoining Sorensen from further asserting the '184 Patent against
26  Kyocera or any purchasers or licensees of Kyocera's products;

27  8.    That the Court find this case exceptional and order Sorensen to pay Kyocera its
28  costs, expenses and attorneys' fees incurred in defending this action under 35 U.S.C. § 285, and;

1        9.    That the Court grant such other and further relief as the Court may deem just and
2  proper.

3  DATED:  March 24, 2008              PROCOPIO CORY HARGREAVES
4                                            & SAVITCH LLP

5
6                            By:    s/Victor M. Felix
                                  Victor M. Felix
7                                    Attorneys for Defendants and
                                  Counterclaimants
8                                    KYOCERA INTERNATIONAL, INC. and
                                  KYOCERA WIRELESS CORP.
9                                    E-mail: vmf@procopio.com

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28