1  Anthony J. Dain (Bar No. 98947)
   Victor M. Felix (Bar No. 179622)
2  PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
   530 B Street, Suite 2100
3  San Diego, California 92101
   Telephone: 619.238.1900
4  Facsimile: 619.235.0398

5  Attorneys for Defendants and Counterclaimants,
   Kyocera International, Inc. and Kyocera Wireless Corp.

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10  JENS ERIK SORENSEN, as Trustee of          Case No.: 08 CV 0411 BTM (CAB)
    SORENSEN RESEARCH AND DEVELOPMENT
11  TRUST,                                      **KYOCERA'S MEMORANDUM OF
                                                POINTS AND AUTHORITIES IN
12              Plaintiff,                       SUPPORT OF MOTION TO STAY
                                                PENDING OUTCOME OF
13  v.                                          REEXAMINATION PROCEEDINGS**

14  KYOCERA INTERNATIONAL, INC., a California   Date:     May 2, 2008
    corporation; KYOCERA WIRELESS CORP., a      Time:     11:00 a.m.
15  Delaware corporation; and DOES 1-100,       Ctrm.:    15
                                                Judge:    Hon. Barry Ted Moskowitz
16              Defendants.
                                                NO ORAL ARGUMENT UNLESS
17                                              REQUESTED BY THE COURT

18  ─────────────────────────────────

19  KYOCERA INTERNATIONAL, INC., a California
    corporation; KYOCERA WIRELESS CORP., a
20  Delaware corporation,

21              Counterclaimants,

22  v.

23  JENS ERIK SORENSEN, as Trustee of
    SORENSEN RESEARCH AND DEVELOPMENT
24  TRUST,

25              Counterdefendant.

26  ─────────────────────────────────

27      Defendants Kyocera International, Inc., and Kyocera Wireless Corp. (collectively,

28  "Kyocera"), respectfully submit the following Memorandum of Point and Authorities:

─────────────────────────────────────────────────────────────────────────────

KYOCERA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY
                                                        Case No. 08 CV 0411 BTM (CAB)

# I. **BACKGROUND**

Kyocera hereby asks the Court to stay this case while the United States Patent & Trademark Office ("PTO") reexamines the validity of U.S. Patent No. 4,935,184 (the "'184 Patent") issued to Sorensen, just as this Court has already stayed other litigation concerning the '184 Patent during the pendency of reexamination proceedings.

A third-party request for *ex parte* reexamination of the '184 Patent was filed with the PTO on July 30, 2007 (the "first request for reexamination"). In view of the first request for reexamination, this Court, by order dated September 10, 2007, stayed Sorensen's patent infringement lawsuit against the Black & Decker Corporation and others,[1] concluding that even though that lawsuit had been pending for approximately one year, a stay was appropriate "to avoid the risk of unnecessary litigation and to permit the clarification of issues before this Court." *Sorensen v. Black & Decker, et al.*, Case No. 06CV1572 BTM (CAB), Doc. # 243 (S.D. Cal. Sept. 10, 2007) (the "September 10 Stay Order"), at p. 10.[2] Despite Sorensen's argument that the PTO was unlikely to grant reexamination,[3] on October 11, 2007 the PTO granted reexamination, citing no less than seven separate prior art references as raising "a substantial new question of patentability" regarding the claims of the '184 Patent. *See,* PTO's Reexamination Order dated October 11, 2007 (Application/Control Number 90/008,775).[4] On December 21, 2007, a second third-party request for reexamination (hereinafter, the "second request for reexamination") of the '184 Patent was filed, citing six additional prior art references.[5] On February 21, 2008, the PTO granted the second request for reexamination.[6]

Since the first reexamination order by the PTO, Sorensen has filed approximately twenty-

---

[1] Case No. 06CV1572 BTM (CAB), (hereinafter "*Sorensen v. Black & Decker*").

[2] Exhibit 1 to Kyocera's Notice Of Lodgment in Support of Its Motion to Stay Pending Outcome of Reexamination Proceedings ("Notice of Lodgment").

[3] *See, September 10 Stay Order*, at fn. 2.

[4] Notice of Lodgment, Ex. 2.

[5] *See*, Notice of Lodgment, Ex. 3.

[6] *Id.*

109934/000230/854485.01

1   five (25) new lawsuits alleging infringement of the '184 Patent,[7] including approximately twenty

2   (20) new cases in this District. *Sorensen's Notice Of Related Cases,* Doc. # 1.

3      The reasoning this Court set forth in its September 10 Stay Order in *Sorensen v. Black &*

4   *Decker* confirms the appropriateness of a stay in this case pending the completion of the PTO's

5   *two* reexaminations of the '184 Patent. The arguments for a stay are more compelling here

6   because this case is barely underway,[8] the '184 Patent has expired, and the PTO has now granted

7   two separate requests for reexamination identifying at least thirteen potentially invalidating prior

8   art references. Further, at least two other defendants in lawsuits involving the '184 Patent have

9   recently filed motions for stay. Felix Declaration, ¶¶ 8-9. Granting Kyocera's motion for stay

10  will result in judicial economy and consistency.

## II. ARGUMENT

**A.    Standard For Granting A Stay Pending PTO Reexamination Proceedings.**

13     Courts have the inherent power and discretion to stay litigation proceedings pending the

14  conclusion of a PTO reexamination. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir.

15  1988). There is a liberal policy in favor of granting motions to stay litigation pending the

16  outcome of PTO reexamination proceedings. *September 10 Stay Order*, at p. 5; *Photoflex Prods.,*

17  *Inc. v. Circa 3 LLC*, 2006 U.S. Dist. LEXIS 3773, at *2-3 (N.D. Cal. May 24, 2006). A stay is

18  particularly justified where, as here, "the outcome of the reexamination would be likely to assist

19  the court in determining validity and, if the claims were cancelled in the reexamination, would

20  eliminate the need to try the infringement issue." *In re Cygnus Telecomm. Tech., LLC Patent*

21  *Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005); *see also, Gould v. Control Laser Corp.*, 705

22  F.2d 1340, 1342 (Fed. Cir. 1983), *cert denied*, 464 U.S. 935 (1983) [reexamination procedure

23  serves to eliminate trial when the claim is cancelled].

24     In determining whether to grant a stay pending reexamination by the PTO, courts consider

25  three factors: (1) the stage of litigation, i.e., whether discovery is almost complete and whether a

---

[7] Judge White of the Northern District of California stayed one of those cases on January 16, 2008. *Sorensen v. Digital Networks North Am. Inc.*, Case No. C 07-05568 JSW, Doc. #39 (N.D. Cal. Jan. 16, 2008) (Notice of Lodgment, Ex. 4).

[8] Kyocera is filing its answer and counterclaims contemporaneously with this motion.

1    trial date has been set; (2) whether a stay would cause undue prejudice or present a clear

2    disadvantage to the non-moving party; and (3) whether a stay will simplify the issues in question

3    and trial of the case. *See, e.g.*, *September 10 Stay Order*, at p. 5; *Photoflex Prods., Inc.*, 2006

4    U.S. Dist. LEXIS 37743, at *3. All three factors favor a stay in this case.

5    **B.**     **Factor One—The Lawsuit Has Barely Started.**

6         This case, filed less than a month ago, is in the nascent stages of litigation. Defendants

7    are filing their answer concurrently with this motion. The initial case management conference

8    has not yet taken place – much less any discovery. This case is at a much earlier stage of

9    discovery than the *Sorensen v. Black & Decker* case that was stayed by this Court pending

10    reexamination of the '184 Patent. *See, September 10 Stay Order*, at p. 5 [granting a stay despite

11    the "substantial amounts of discovery" that had already taken place].

12         Two separate PTO reexaminations of the '184 Patent are already underway that will

13    likely eliminate the patent claims asserted against Kyocera. Allowing the PTO to continue its

14    work while this case is stayed will avoid "the needless waste of resources before this Court."

15    *See*, *September 10 Stay Order*, at p. 9; *Broadcast Innovation, L.L.C. v. Charter Communic'ns,*

16    *Inc.*, No. 03-cv-2223-ABJ-BNB, 2006 U.S. Dist. LEXIS 46623, at *9-10 (D. Colo. July 11,

17    2006). Accordingly, this factor weighs heavily in favor of a stay. *See, KLA-Tencor Corp. v.*

18    *Nanometrics, Inc.*, 2006 U.S. Dist. LEXIS 15754, at *6 (N.D. Cal. Mar. 16, 2006).

19    **C.**     **Factor Two—The '184 Patent Expired And Sorensen Has An Adequate Remedy.**

20         1.     **A Stay Will Benefit, Rather Than Unduly Prejudice, The Parties.**

21         A stay in this case will not unduly prejudice or disadvantage Sorensen. This factor

22    weighs whether a plaintiff has an adequate remedy at law. *See, e.g., Broadcast Innovation*, 2006

23    U.S. Dist. LEXIS 46623, at *32. In this case, the '184 Patent expired on February 5, 2008.[9] The

24    expiration of the '184 Patent ensures that Sorensen has an adequate remedy at law

25    because: (1) injunctive relief is no longer available as a remedy;[10] and (2) if the PTO does not

26    invalidate the asserted claim of the '184 Patent, Sorensen will be able to pursue monetary

---

27

28    [9] U.S. Patent No. 4,935,184 is a continuation of abandoned application Serial No. 07/152.670, which was filed on February 5, 1988. *See*, *35 U.S.C. § 154(a)(2).*

[10] In fact, Sorensen's complaint does not seek injunctive relief.

4

1   damages for any infringement alleged to have occurred prior to the patent's expiration along with

2   prejudgment interest.  *Id., citing Laitram Corp. v. NEC Corp.*, 163 F.3d 1342, 1346 (Fed. Cir.

3   1998).

4          In addition, Sorensen does not compete with Kyocera in the marketplace, and in fact does

5   not make or sell any products—Sorensen's business model is to assert the '184 Patent and

6   attempt to collect royalties.  *See, Middleton, Inc. v. Minn. Mining & Mfg. Co.*, 2004 WL

7   1968669, at *9 [patentee who is not selling or marketing products under its patent has no market

8   to protect and thus money damages are an adequate remedy at law]; *see, Perricone v. United

9   Nutritional Services, Inc.*, 2002 WL 31075868 at *3 (D. Conn. 2002) [monetary damages can

10  compensate patentee for alleged infringement during stay].

11         Thus, Sorensen may only seek to recover money damages based on a reasonable royalty

12  and can be adequately compensated for any purported harm caused a stay of this litigation.[11]

13  Courts have consistently held that such a delay does not, in and of itself, constitute undue

14  prejudice.  *See, e.g., Photoflex Prods., Inc.*, 2006 U.S. Dist. LEXIS 37743, at *7; *Nanometrics,

15  Inc. v. Nova Measuring Instruments Ltd.*, 2007 U.S. Dist. LEXIS 18785, at *9 (N.D. Cal. Feb. 26,

16  2007).  An award of prejudgment interest would fully compensate Sorensen for any delay in

17  collecting damages to which he may be entitled.  This Court has already determined that the

18  "general prejudice of having to wait for resolution is not a persuasive reason to deny the motion

19  for stay."  *September 10 Stay Order*, at p. 7.  This is especially apt here where only one patent is

20  asserted and any delay is offset by the benefit inherent in ascertaining whether there is *any* need

21  for litigation.  *Nanometrics*, 2007 U.S. Dist. LEXIS 18785, at *10.

22         Rather than prejudicing any party, the timeliness of this motion has the potential to

23  benefit all parties by preventing the unnecessary expenditure of resources.  As stated by the court

24  *Broadcast Innovation*,

25                 If the PTO does not invalidate or otherwise alter the claims of the
                   [patent], the Plaintiffs' legal remedy remains unaffected. . . .
26                 Moreover, if the claims are narrowed, both sets of parties will
                   have benefited by avoiding the needless waste of resources before this
27                 Court, and again, the Plaintiffs will be able to pursue their claim for

28  ───────────────────────────
    [11] Reexamination proceedings take, on average, approximately 18-23 months to conclude.  *See*
    Notice of Lodgment, Ex. 5 (PTO Reexamination Statistics).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

money damages at trial.  Finally, if the claims are strengthened, the Plaintiffs' position will be as well, and their likelihood of monetary damages will increase.  *Broadcast Innovation*, 2006 U.S. Dist. LEXIS 46623, at \*32-33.

Thus, this factor also heavily weighs in favor of granting a stay.

2.    **Kyocera Will Be Unduly Prejudiced If A Stay Is Denied.**

Kyocera faces substantial prejudice if this Court denies this motion for a stay.  The Federal Circuit has held that the PTO is not bound by the decisions of this Court when conducting its reexamination proceedings.  *In re Trans Texas Holdings Corp.*, 498 F.3d 1290, 1296-98 (Fed. Cir. 2007).  If this case proceeds pending the reexaminations, there is the risk that Kyocera may be ordered to pay damages and incur substantial attorneys' fees and costs in defense of a patent that the PTO could later determine is invalid.  Substantial prejudice could therefore result, since Kyocera may not be able to recover such damages and expenses after the PTO concludes that the asserted claims are invalid.  *See, September 10 Stay Order*, at p. 7; *Bausch & Lomb, Inc. v. Alcon Lab., Inc.*, 914 F. Supp. 951, 952 (W.D.N.Y. 1996).  A stay will ensure that this highly prejudicial scenario does not occur.

**D.    Factor Three—Sorensen Has Less Than A 33% Chance Of Having The Claims Confirmed On Reexamination.**

A stay will significantly simplify the issues in question and ensure that any judicial and party resources are spent only if trial is necessary.  One purpose of the reexamination procedure "is to eliminate trial . . . (when the claim is cancelled) or to facilitate trial of [the issue of invalidity] by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceedings)."  *Gould*, 705 F.2d at 1342.  Additional benefits of staying the litigation pending the PTO's reexamination proceedings include: 1) all prior art presented to the Court will have been first considered by the PTO, with its particular expertise; 2) many discovery problems relating to prior art can be alleviated by the PTO examination; 3) if reexamination results in effective invalidity of the patent, the suit will likely be dismissed; 4) the outcome of the reexamination may encourage a settlement without the further use of the Court's time and resources; 5) the record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation; 6) issues, defenses, and evidence will be more easily

6

109934/000230/854485.01

1    limited in final pretrial conferences after a reexamination, and; 7) the cost will likely be reduced

2    both for the parties and the Court.  *Broadcast*, 2006 U.S. Dist. LEXIS 46623, at *9-10, *citing*

3    *Emhart Indus., Inc. v. Sankyo Seiki Mfg. Co.*, 3 U.S.P.Q.2d 1889, 1890 (N.D. Ill. 1987).

4         In granting *two* separate requests for reexamination the PTO determined that the

5    previously unconsidered prior art gives rise to substantial new questions of patentability.

6    *October 11, 2007 Reexamination Order*, at pp. 4-14; *February 21, 2008 Reexamination Order*, at

7    pp. 3-10.[12]  In view of these preliminary determinations, there is a substantial likelihood that the

8    PTO will find that the asserted claim of the '184 Patent is invalid.[13]  Because the '184 Patent

9    expired on February 5, 2008, Sorensen will not be permitted to amend or enlarge the asserted

10   claims to overcome a determination that they are invalid in view of the prior art—*cancellation* of

11   the original patent claims is the only "amendment" permitted to the '184 Patent.  *See* 37 C.F.R.

12   § 1.530(j) (2007); *Manual of Patent Examining Procedure* ("MPEP") § 2250(III) (Exhibit 6 to

13   the Felix Decl.).  Any such determination by the PTO will therefore effectively invalidate the

14   asserted claims, thus eliminating the need for any discovery, pretrial proceedings or trial in this

15   case.

16        At a minimum, since the prior art in the reexamination proceedings was not before the

17   PTO during the prosecution of the '184 Patent, the Court will benefit from the PTO's analysis

18   should this Court have to determine the validity of the reexamined claims.  *Broadcast*, 2006 U.S.

19   Dist. LEXIS 46623, at *22-23; *September 10 Stay Order*, at p. 9.  Further, even if some of the

20   claims survive, Sorensen will certainly attempt to distinguish the claims of the '184 Patent from

21   the new prior art during reexamination.  Such statements will be highly relevant to the proper

22   construction of any surviving claims.  *See*, *C.R. Bard Inc. v. U.S. Surgical Corp.*, 388 F.3d 858,

23   867-869 (Fed. Cir. 2004) [citing statements of patentee during reexamination to support the

24   district court's claim construction and judgment of non-infringement].  Therefore, this factor also

25

26   [12]   Notice of Lodgment, Exhibits 2 and 3.

27   [13]   Statistics show the validity of all claims is confirmed only 29% of the time when
     reexamination is requested by a third party.  *See, September 10 Stay Order*, at p. 9.  That
28   percentage may decrease in view of the Supreme Court's recent decision in *KSR Int'l Co. v.
     Teleflex, Inc.*, 127 S. Ct. 1727 (2007), which eased the standards for establishment also
     obviousness.

1    weighs in favor of granting a stay.

2                              III. **CONCLUSION**

3           When it provided for reexamination proceedings, Congress explained that, "it is

4    anticipated that these measures provide a useful and necessary alternative for challengers and

5    patent owners to test the validity of United States patents in an efficient and relatively

6    inexpensive manner."    H.R. REP.    No. 96-1307 pt. 1, at 4 (1980), *reprinted in* 1980

7    U.S.C.C.A.N. 6460-6463.[14]   There could hardly be a more appropriate case than this one in

8    which to invoke this process.   Discovery has not yet begun, so a stay will likely prevent the

9    unnecessary expenditure of court and party resources.   Further, because the '184 Patent has

10   already expired Sorensen is not entitled to equitable relief.   Thus, a stay would not prejudice

11   Sorensen in any way.   Lastly, there is a high likelihood that the claims of the '184 Patent will be

12   cancelled in the reexaminations, obviating the need for a trial altogether.   For these reasons this

13   Court should order this case stayed pending completion of the PTO's two separate

14   reexaminations of the '184 Patent.

15                                       Respectfully submitted,

16

17   DATED:  March 24, 2008                PROCOPIO, CORY, HARGREAVES &
                                              SAVITCH LLP
18

19
                                          By:    s/Victor M. Felix
20                                               Victor M. Felix
                                                 Attorneys for Defendants and
21                                               Counterclaimants
                                                 E-mail: vmf@procopio.com
22

23

24

25

26

27

28
     _____
     [14]  Notice of Lodgment, Ex. 6.