MELODY A. KRAMER, SBN 169984
KRAMER LAW OFFICE, INC.
9930 Mesa Rim Road, Suite 1600
San Diego, California 92121
Telephone (858) 362-3150
mak@kramerlawip.com

J. MICHAEL KALER, SBN 158296
KALER LAW OFFICES
9930 Mesa Rim Road, Suite 200
San Diego, California 92121
Telephone (858) 362-3151
michael@kalerlaw.com

Attorneys for Plaintiff JENS ERIK SORENSEN,
as Trustee of SORENSEN RESEARCH AND
DEVELOPMENT TRUST

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>　　　　　　　Plaintiff<br>　v.<br><br>KYOCERA INTERNATIONAL, INC., a California Corporation; KYOCERA WIRELESS CORP., a California Corporation; and DOES 1 – 100,<br><br>　　　　　　　Defendants.<br>_____<br>and related counterclaims. | Case No. 08 CV 411 BTM CAB<br><br>**REPLY TO COUNTERCLAIMS OF KYOCERA INTERNATIONAL, INC. AND KYOCERA WIRELESS CORP.** |

Plaintiff/Counterdefendant Jens Erik Sorensen as Trustee of Sorensen Research and Development Trust ("SRDT"), hereby respectfully replies to the specific numbered paragraphs identified of the Counterclaims of Defendants/Counterclaimants Kyocera International, Inc. and Kyocera Wireless Corp. (collectively, "Defendants") as follows:

## Parties, Jurisdiction and Venue

38. Admit.
39. Upon current information and belief, admit.
40. Upon current information and belief, admit.
41. Admit.
42. Admit.
43. Admit.
44. Admit.

## General Allegations

45. Admit.
46. Admit.
47. Admit that Kyocera was put on actual express notice of the '184 patent by way of a letter dated July 5, 2005. Otherwise, deny.
48. Deny. Furthermore, SRDT affirmatively asserts that when SRDT did sign a Non-Disclosure Agreement requested by Kyocera, Kyocera refused to provide the information that was the subject of the agreement.
49. SRDT is without sufficient information or belief to properly respond, and therefore denies.
50. Admit. SRDT is seeking to enforce a valid patent.
51. Admit. SRDT is seeking to enforce a valid patent.
52. Deny the characterization of communications between SRDT and Kyocera. Furthermore, SRDT affirmatively asserts that it was under no obligation to present Kyocera with previews of its responses to *ex parte* reexamination

1  proceedings pending before the USPTO.

2  53. Deny. Furthermore, SRDT affirmatively asserts the following facts:

3  53A. In early 1992, The Black & Decker Corporation ("BDC") launched a massive product line expansion using an under-utilized, but well-respected tradename – DeWalt – in an aggressive campaign to regain market share from Japanese competitor - Makita.

53B. Based on information obtained from Phillips Plastics Corp. ("Phillips"), in late 1994, the '184 patent holder (Primtec) acquired an example of the DW962. After acquisition of the DW962, on December 1, 1994, Primtec notified DeWalt Industrial Tool Company that the DW962 and any similarly manufactured products, appeared to be manufactured with an infringing process.

53C. The December 1, 1994 letter launched a series of communications between Primtec and BDC and BDC's supplier, Phillips, that extended through August 1996. No products other than the DW962 were identified to Primtec.

53D. A meeting was held in San Diego on June 6, 1995 between Dennis Dearing, Senior Patent Group Counsel for BDC, Robert Beck of Merchant & Gould, outside counsel for Phillips, Richard Emery of Phillips, and Ole Sorensen and Don Erickson of Primtec, to discuss the infringement allegation. At the meeting, one of the representatives of BDC or Phillips asserted that the DW962 was an unsuccessful product and was being discontinued, and no other products used a similar process. BDC did not disclose that it had launched, or was in the process of launching, other products manufactured with similar processes.

53E. On August 16, 1996, Primtec's counsel sent a letter to Mr. Dearing at BDC threatening a lawsuit at no specific time if BDC did not fully address the infringement allegations then pending by August 30, 1996.

53F. BDC continued its planned expansion of the DeWalt product line unabated and unconcerned about the patent infringement allegation. Black & Decker's John Schiech, confirms that BDC never considered licensing, never paused

or stopped production of the accused DW962 or any other similarly manufactured product, and that BDC's expenditures for manufacture, marketing, etc. had no connection to the '184 patent holder allegation. It is undisputed that Primtec never misled BDC.

53G. Soon after the August 16, 1996 letter, the '184 patent holder became engaged in substantial litigation with many of the major automakers with regard to a different Sorensen patent, consuming all available litigation resources. Discovery of automaker infringement began by 1997, and the lawsuits continued into 2006. It was not until 2003 that the '184 patent holder learned that BDC was infringing with additional products beyond the DW962. In January 2004, an infringement notice was sent to BDC by the current '184 patent holder, SRDT. After unsuccessful attempts to negotiate a license, including an in-person meeting in San Diego, a patent infringement suit was filed against Black & Decker Corporation and its subsidiaries and suppliers.

53H. Upon information and belief, Kyocera had no knowledge of any events relating to communications between the '184 patent holder and Black & Decker until it read about them in pleadings in the *SRDT v. Black & Decker* case file.

54. Admit that Kyocera refused to sign a tolling agreement, just as it refused to produce manufacturing information despite SRDT having executed the requested Non-Disclosure Agreement.

### First Counterclaim

55. SRDT incorporates by reference the responses to paragraphs 38 through 54 as though fully set forth herein.

56. Admit that Kyocera desires the relief requested, but deny that Kyocera has any right or entitlement thereto.

57. Deny.

58. Deny. SRDT is seeking to enforce a valid patent. Neither the filing of an *ex parte* reexamination request, nor the USPTO's acceptance of the reexamination

(as it does in more than 90% of requests) is any commentary on the legitimacy or merits of the reexamination filing, nor does it create any presumption that the patent is in any manner invalid.

## Second Counterclaim

59. SRDT incorporates by reference the responses to paragraphs 38 through 58 as though fully set forth herein.

60. Admit that Kyocera desires the relief requested, but deny that Kyocera has any right or entitlement thereto.

61. Deny.

62. Deny.

63. Deny.

64. Deny. SRDT is seeking to enforce a valid patent. Neither the filing of an *ex parte* reexamination request, nor the USPTO's acceptance of the reexamination (as it does in more than 90% of requests) is any commentary on the legitimacy or merits of the reexamination filing, nor does it create any presumption that the patent is in any manner invalid.

**WHEREFORE,** SRDT prays that judgment on Kyocera International, Inc. and Kyocera Wireless Corp's Counterclaims be entered as follows:

a. For judgment in favor of SRDT and against Kyocera International, Inc. and Kyocera Wireless Corp's on all requested relief;

b. That this case be decreed an "exceptional case" and SRDT is awarded reasonable attorneys' fees by the Court pursuant to 35 U.S.C. § 285;

c. For costs of suit herein incurred;

d. For such other and further relief as the Court may deem just and proper.

//

1  DATED this Friday, April 11, 2008.

                    JENS ERIK SORENSEN, as Trustee of
                    SORENSEN RESEARCH AND DEVELOPMENT
                    TRUST, Plaintiff

                    /s/ Melody A. Kramer
                    Melody A. Kramer, Esq.
                    J. Michael Kaler
                    Attorney for Plaintiff

# PROOF OF SERVICE

I, Melody A. Kramer, declare: I am and was at the time of this service working within in the County of San Diego, California. I am over the age of 18 year and not a party to the within action. My business address is the Kramer Law Office, Inc., 9930 Mesa Rim Road, Suite 1600, San Diego, California, 92121.

On Friday, April 11, 2008, I served the following documents:

**REPLY TO COUNTERCLAIMS OF KYOCERA INTERNATIONAL, INC. AND KYOCERA WIRELESS CORP.**

| PERSON(S) SERVED | PARTY(IES) SERVED | METHOD OF SERVICE |
|---|---|---|
| Anthony J. Dain<br>Victor M. Felix<br>PROCOPIO, CORY, HARGREAVES & SAVITCH LLP<br>530 B Street, Suite 2100<br>San Diego, California 92101<br>vmf@procopio.com<br>ajd@procopio.com | Kyocera International, Inc.<br>Kyocera Wireless Corp. | Email - Pleadings Filed with the Court via ECF |

☐ (Personal Service) I caused to be personally served in a sealed envelope hand-delivered to the office of counsel during regular business hours.

☐ (Federal Express) I deposited or caused to be deposited today with Federal Express in a sealed envelope containing a true copy of the foregoing documents with fees fully prepaid addressed to the above noted addressee for overnight delivery.

☐ (Facsimile) I caused a true copy of the foregoing documents to be transmitted by facsimile machine to the above noted addressees. The facsimile transmissions were reported as complete and without error.

☐ (Email) I emailed a true copy of the foregoing documents to an email address represented to be the correct email address for the above noted addressee.

☒ (Email--Pleadings Filed with the Court) Pursuant to Local Rules, I electronically filed this document via the CM/ECF system for the United States District Court for the Southern District of California.

☐ (U.S. Mail) I mailed a true copy of the foregoing documents to a mail address represented to be the correct mail address for the above noted addressee.

7.

Case No.08cv411 BTM CAB

1
2    I declare that the foregoing is true and correct, and that this declaration was executed on
3    Friday, April 11, 2008, in San Diego, California.
4
5                                                              /s/ Melody A. Kramer
                                                               Melody A. Kramer
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28