1  Anthony J. Dain (Bar No. 98947)
   Victor M. Felix (Bar No. 179622)
2  Lisel M. Ferguson (Bar No. 207637)
   PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
3  530 B Street, Suite 2100
   San Diego, California  92101
4  Telephone: 619.238.1900
   Facsimile: 619.235.0398
5
   Attorneys for Defendants and Counterclaimants,
6  Kyocera International, Inc. and Kyocera Wireless Corp.

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10 JENS ERIK SORENSEN, as Trustee of          Case No.: 08 CV 0411 BTM (CAB)
   SORENSEN RESEARCH AND DEVELOPMENT
11 TRUST,                                      **REPLY TO PLAINTIFF'S
                                               OPPOSITION TO DEFENDANTS'
12              Plaintiff,                      MOTION TO STAY PENDING
                                               OUTCOME OF REEXAMINATION
13 v.                                          PROCEEDINGS**

14 KYOCERA INTERNATIONAL, INC., a California   Date:      May 2, 2008
   corporation; KYOCERA WIRELESS CORP., a      Time:      11:00 a.m.
15 Delaware corporation; and DOES 1-100,       Ctrm.:     15
                                               Judge:     Hon. Barry Ted Moskowitz
16              Defendants.
                                               NO ORAL ARGUMENT UNLESS
17                                             REQUESTED BY THE COURT

18
   KYOCERA INTERNATIONAL, INC., a California
19 corporation; KYOCERA WIRELESS CORP., a
   Delaware corporation,
20
                Counterclaimants,
21
   v.
22
   JENS ERIK SORENSEN, as Trustee of
23 SORENSEN RESEARCH AND DEVELOPMENT
   TRUST,
24
                Counterdefendant.
25

26

27

---

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY PENDING OUTCOME OF
REEXAMINATION PROCEEDINGS

1    Defendants/Counterclaimants Kyocera International, Inc. and Kyocera Wireless Corp.

2    (collectively, "Kyocera") respectfully submit the following Memorandum of Points and

3    Authorities in Reply to Plaintiff's Opposition to Defendants' Motion to Stay Pending Outcome of

4    Reexamination Proceedings:

5                                                **I.**

6                                          **INTRODUCTION**

7        A Stay of this case will benefit the parties and the Court and there will be little to no

8    prejudice to Plaintiff.  All the facts weigh in favor of a stay; this litigation is in its early stages

9    and U.S. Patent No. 4,935,184 (the "'184 Patent") is now expired.  Plaintiff argues that a stay

10   will result in undue, prejudicial delay.  However, as discussed in more detail below, Plaintiff not

11   only delayed in bringing this action, but has purposely delayed reexamination proceedings before

12   the U.S. Patent and Trademark Office ("PTO".)

13       Plaintiff merely recycles arguments already rejected by this Court in the case entitled

14   *Sorensen v. Energizer,* Case No. 07 CV 2321 BTM (CAB), and addressed in this Court's Order

15   Granting a Stay Without Prejudice.  Reexamination will simplify issues for the Court and a stay

16   will save unnecessary expenses to the parties.  Plaintiff's arguments do not overcome this Court's

17   reasoning expressed in its orders staying other sister cases such as *Black & Decker* (Case No. 06-

18   CV-1572-BTM-(CAB)), *Giant* (Case No. 07-CV-02121-BTM-(CAB)), *Helen of Troy* (Case No.

19   07-CV-2278-BTM-(CAB)), and *Energizer* ("other '184 Patent cases".)   Similarly to the

20   *Energizer* case, this Court should stay this litigation without prejudice pending the PTO's

21   reexamination of the '184 Patent.

22                                               **II.**

23                                       **LEGAL ARGUMENT**

24   **A.     Plaintiff's Analysis Of PTO Statistics Is Flawed**

25       In an effort to establish undue prejudice, Plaintiff attempts to recalculate (See Opposition

26   Brief, at 5) the same data concerning reexamination proceedings that was available to this Court

27   during the pendency of at least three previous motions to stay in lawsuits alleging infringement of

---

1

1    the '184 Patent.  (See *Giant*, Doc. #28; *Helen of Troy*, Doc. #26; *Black & Decker*, Doc. #243.)

2    These arguments were deemed insufficient by this Court to deny other defendants' requests for a

3    stay.  (See *Giant*, Doc. #28; *Helen of Troy*, Doc. #26; *Black & Decker*, Doc. #243.)  The identical

4    argument was rejected by this Court in the *Energizer* case where a stay was granted.  (See

5    *Energizer*, Doc. #33.)    Plaintiff's "new" assertions regarding the likely duration of a

6    reexamination are speculative and built upon demonstrably unreasonable and self-serving

7    assumptions.

8          Plaintiff argues that reexamination of the '186 Patent could take up to five years.

9    However, Plaintiff fails to identify a single reexamination that has *actually* taken five years or

10   longer to complete.  Instead, Plaintiff relies on a self-serving projection of a five year going

11   forward average, without any consideration to the particulars of the reexamination of the '184

12   Patent.    Further, Plaintiff's analysis unjustifiably assumes that the PTO's resources and

13   productivity will remain static in the face of changing demands.  Plaintiff divides the purported

14   backlog of 1,658 cases by the number of certificates issued in 2007 (367) to arrive at

15   approximately 4.5 years.  (Declaration of Melody A. Kramer In Support of Opposition to

16   Defendant's Motion to Stay Pending Outcome of Reexamination Proceedings ("Kramer Decl."),

17   at ¶9.)  Plaintiff ignores not just contrary historical data but also statements issued by the PTO to

18   the contrary.  In reality, the data relied on by Plaintiff shows, for example, that the PTO granted

19   174 *more* certificates in 2007 than it did in 2003, showing a substantial increase in resources and

20   productivity in the area of reexamination proceedings over that period.  (See USPTO Annual

21   Report Excerpts attached to Kramer Decl. as Exhibit "A".)

22         More importantly, recent statements by PTO director Jon W. Dudas, Director of the PTO,

23   confirm the PTO's intention to complete reexamination proceedings within *two years* (not the

24   five years postulated by Plaintiff) and to hire 1,200 additional patent examiners per year through

25   2013 in order to meet its goals.  (Exhibit "1" to the accompanying Declaration of Lisel M.

26   Ferguson In Support of Reply to Plaintiff's Opposition to Defendant's Motion to Stay Pending

27   Outcome of Reexamination Proceedings "Ferguson Decl.".)  Mr. Dudas testified that the PTO

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY PENDING OUTCOME OF
REEXAMINATION PROCEEDINGS

Case No. 80-0411 BTM (CAB)

1    hired 1,215 additional patent examiners in 2007, and plans to hire an additional 1,200 patent

2    examiners per year going forward. *USPTO Oversight Hearing: Hearing Before the Subcomm. on*

3    *Courts, the Internet, and Intellectual Property*, 110th Cong. (Feb. 27, 2008) (statement of Jon W.

4    Dudas, Under Secretary of Commerce for Intellectual Property and Director of the United States

5    Patent Office Ferguson Decl. Exhibit "1"), at ¶ 3.  Mr. Dudas further testified that the PTO aims

6    to close prosecution on all ex-parte reexaminations within <u>two years</u> of filing. *Id.* at 12.

7         Aside from lacking factual support, Plaintiff's conjecture about the possible length of the

8    PTO reexamination of the '184 patent is also legally unsupported.  Plaintiff cites <u>no</u> case in

9    which another court has denied a motion to stay because of the length of PTO reexamination

10   proceedings.  Indeed, the case upon which Plaintiff heavily relies, *NTP, Inc. v. Research in*

11   *Motion, Ltd.*, advises *against* the course Plaintiff advocates.  The court in *NTP* admonished that

12   "any attempt at suggesting a likely time frame and outcome of the PTO reexamination process is

13   merely speculation." *NTP, Inc. v. Research in Motion, Ltd.*, 397 F. Supp. 2d 785, 788 (E.D. Va.

14   2005) (denying a stay because the litigation, which was on remand on certain issues following a

15   jury verdict and appeal, was too far advanced).

16   **B.    The Benefit Of A Stay Far Outweighs Any Prejudice To Plaintiff**

17         The benefits of a stay in this action are palpable.  It would allow the PTO to determine the

18   validity of the '184 patent and the scope of its claims thus simplifying issues for the Court.

19   Furthermore, it would save the parties unnecessary discovery expenses should the PTO reject the

20   claims.  In contrast, much of the delay that Plaintiff complains about is exacerbated by Plaintiff's

21   own actions.

22         **1)    Plaintiff Is Responsible For The Delay He Complains Of**

23              **a.    Plaintiff Unreasonably Delayed In Filing This Action**

24         Thus far, Plaintiff himself has been the sole source of delay in this case.  Plaintiff did not

25   file suit against Kyocera until 2008 even though Plaintiff first notified Kyocera of alleged

26   infringement of the '128 Patent in July 2005.  (See July 7, 2005 letter from Sorensen to Kyocera

27   attached to Ferguson Decl. as Exhibit "2")  Plaintiff waited nearly three years to file suit against

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY PENDING OUTCOME OF
REEXAMINATION PROCEEDINGS

109934/000230/910381.01

Case No. 80-0411 BTM (CAB)

1    Kyocera yet claims that a stay will result in unfair prejudice.

2            **b.**      **Plaintiff Is Responsible For Current Delays In The Reexaminations**

3          The crux of Plaintiff's Opposition is that the reexamination of the '184 Patent will take a

4    long time.  However, Plaintiff fails to advise this Court that he has been the sole source of delay

5    in the reexaminations of the '184 Patent.

6          After a reexamination is granted the patent owner must file an Owner's Statement within

7    two months, or he can expedite the proceedings by advising the PTO that no statement will be

8    filed. *37 CFR 1.530 (b)*; *Manual of Patent Examining Procedures* ("MPEP") §2249, *citing*, CFR

9    §1.530 (attached as Exhibit "3" to the Ferguson Decl.)  The PTO will not proceed to the next

10   stage of a reexamination until the Patentee files the Owner's Statement or the two months expire

11   without a response.  Here, in the first reexamination requested by Black & Decker (#90/008,775),

12   Plaintiff purposefully allowed the full two months to expire, failing to submit an Owner's

13   Statement or advise the PTO that he would not file a statement.  (See Transaction History for the

14   90/008,775 reexamination attached as Exhibit "4" to the Ferguson Decl.)  Similarly, in the

15   second reexamination filed by Phillips Plastics (#90/008,976), Plaintiff failed to file a statement

16   or advise the PTO that he would not file a statement.  (See Transaction History for the

17   90/008,976 reexamination attached as Exhibit "5" to the Ferguson Decl.)  Thus, Plaintiff's

18   arguments that a stay pending reexamination before the PTO will prejudice Plaintiff because of

19   undue delay are disingenuous because Plaintiff has thus far purposely delayed said proceedings.

20         **2)**      **Sorensen Has Presented No Evidence That He Would Be Prejudiced By A**

21                **Stay**

22         Plaintiff fails to identify a single fact suggesting Plaintiff would be prejudiced if the case

23   is stayed.  Rather, Plaintiff alludes to speculative concerns about the *possible* loss of evidence by

24   Kyocera and loss of the ability to identify and serve all proper defendants.  These arguments

25   merely reprise the arguments already rejected by this Court in *Black & Decker*, *Giant*, *Helen of*

26   *Troy* and *Energizer*.  They should likewise be rejected here.  Furthermore, the '184 Patent has

27   expired.  This allays concerns of any possible prejudice because:(1) injunctive relief is no longer

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY PENDING OUTCOME OF
REEXAMINATION PROCEEDINGS

109934/000230/910381.01

Case No. 80-0411 BTM (CAB)

1   available as a remedy; and (2) if the PTO does not invalidate the asserted claim of the '184

2   Patent, Sorensen will be able to pursue monetary damages for any infringement alleged to have

3   occurred prior to the patent's expiration along with prejudgment interest. *Broadcast Innovation,*

4   *L.L.C. v. Charter Communic'ns, Inc.*, No. 03-cv-2223-ABJ-BNB, 2006 U.S. Dist. LEXIS 46623,

5   at *32; *citing, Laitram Corp. v. NEC Corp.*, 163 F.3d 1342, 1346 (Fed. Cir. 1998.)

6          Plaintiff's reliance on *Telemac* is inapposite. *Telemac Corp. v. Teledigital, Inc. et al.*, 450

7   F. Supp. 2d 1107, 1111 (N.D. Cal. 2006) (*documented* failure to preserve evidence suggested that

8   a stay could lead to further loss of information.)  Here, Plaintiff merely speculates that Kyocera

9   <u>may</u> loose evidence.  If a genuine, documented concern regarding the preservation of evidence

10  arises in the future, Plaintiff can, at that time, move for an exception to the stay. *See, e.g.,* Order

11  Granting Stay *Giant*, Doc. #27, *Energizer*, Doc. #33 ("any party may apply to the Court for an

12  exception to the stay if it has *specific, valid reasons* to believe that it needs to obtain discovery in

13  order to preserve evidence that will otherwise be unavailable after the stay".)

14         Likewise, the mere *possibility* that Plaintiff *might* add or substitute a party does not create

15  undue prejudice.  Identical arguments were considered and rejected in *Giant* and *Helen of Troy*.

16  (*See Giant*, Doc. #22, at 7-8; *Giant*, Doc. #28; *Helen of Troy;* Doc. #19, at 5-6; *Helen of Troy*,

17  Doc. # 26.)  Plaintiff does not articulate <u>any</u> facts making the addition or substitution of parties

18  any more likely in this case than in *Black & Decker*, *Giant*, *Helen of Troy* or *Energizer*.

19  Accordingly, this argument is no barrier to the issuance of an order staying this case.

20  **C.    Staying This Action Will Conserve Resources.**

21         The Federal Circuit has ruled that "one purpose of the reexamination procedure is to

22  eliminate a trial of the patent claim validity or to facilitate trial of that validity by providing the

23  District Court with the expert view of the PTO if a claim survives the reexamination proceeding."

24  *Sorensen v. Black & Decker,* 2007 U.S. Dist. LEXIS 466712 at *15-16 (2007); citing *Gould v.*

25  *Control Laser Corp.*, 705 F.2d 1240, 1242 (Fed. Cir. 1982), cert. denied.

26         Requiring Kyocera to litigate this case while the reexaminations are pending would be

27  contrary to the benefits of shifting the validity issue to the PTO.  Other District Courts have listed

1    many benefits courts and litigants would enjoy as a result of reexamination by the PTO:

2        1.    All prior art presented to the Court will have been first considered by the PTO, with its particular expertise;

3        2.    Many discovery problems relating to the prior art could be alleviated by the PTO examination;

4        3.    In those cases resulting in effective invaliding of the patent, the suit will likely be dismissed;

5        4.    The outcome of the reexamination may encourage a settlement without further use of the court;

6
7        5.    The record of reexamination will likely be entered at trial, thereby reducing the complexity and length of the litigation;

8        6.    Issues, defenses and evidence will be more easily limited in final pre-trial conferences after reexamination; and

         7.    The costs will likely be reduced to both parties and the court.

9
10   *Broad. Innovation, L.L.C. v. Charter Communs., Inc.*, No. 03-cv-2223-ABJ BNB, 2006 U.S.

     Dist. LEXIS 46623, at *9-10 (quoting "*Emhart Industries, Inc. v. Sankyo Seiki Mfg. Co.*, 3

11   U.S.P.Q.2d 1889, 1890 (N.D. Ill. 1987)).

12
13        This Court has already agreed with other litigants that reexamination of the '184 Patent

     will simplify the issues for the Court and conserve resources.  (See *Black & Decker*, Doc. #243;

14   *Helen of Troy*, Doc. #26; *Giant Doc. #28; on record at the February 25, 2008 status conference

15   in Helen of Troy, Energizer*, Doc. #33.)  This court stated that "the PTO's expert evaluation is

16   likely to be of assistance not only as to the issues of validity, but its understanding of the claims

17   is also likely to aid this Court in the preliminary process of claim construction."  *Sorensen v.

18   Black & Decker* LEXIS 66712 at *16-17.  In the *Black & Decker* case, this Court found a stay to

19   be appropriate to avoid the risk of unnecessary litigation and permit clarification of issues before

20   the Court.  *Id.* at *19.  The reasons supporting a stay in the instant case are more compelling as

21   the case is in its very early stages, the '184 patent has now expired and the PTO has now granted

22   two reexamination requests.

23   **D.    Defendants Are Not Estopped From Requesting A Stay.**

24        Plaintiff sued Kyocera for patent infringement.  In order to preserve its rights Kyocera

25   filed counterclaims for declaratory judgment of non-infringement and patent invalidity.

26   Kyocera's counterclaims are compulsory in nature. Fed. R. Civ. P. 13(a).  Accordingly, Kyocera

27   had to assert the declaratory judgment counterclaims or be barred from doing so at a future date.

6

1    Therefore, Plaintiff's argument that Kyocera is estopped from requesting a stay by asserting
2    compulsory counterclaims is disingenuous.

3                                                    **III.**

4                                            **CONCLUSION**

5           There is hardly a more appropriate case than this in which to invoke a stay.  Plaintiff has
6    failed to demonstrate any prejudice due to alleged "delay."  Plaintiff has been responsible for all
7    documented delays in the reexamination proceedings.  The reexaminations will simplify issues
8    for the Court.  In addition, discovery has not commenced and a stay will likely prevent the
9    unnecessary expenditure of resources.  Further, Plaintiff will not be irreparably harmed by a stay
10   because the '184 Patent has expired.  Thus, a stay would not prejudice Plaintiff in any way.  For
11   these reasons and those set forth in the moving papers this Court should order this case stayed
12   pending completion of the PTO's two reexaminations of the '184 Patent.

13   DATED: April 25, 2008                         PROCOPIO, CORY, HARGREAVES &
                                                    SAVITCH LLP
14

15
                                                By:   s/Lisel M. Ferguson
16                                                   Anthony J. Dain
                                                     Victor M. Felix
17                                                   Lisel M. Ferguson
                                                     Counsel for Defendants and
18                                                   Counterclaimants
                                                     E-mail: lmf@procopio.com
19

20

21

22

23

24

25

26

27

7

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY PENDING OUTCOME OF
REEXAMINATION PROCEEDINGS